### *In re* VERTICAL TUBE BOILER CO.

*(Superior Court of New York City, General Term.  May 4, 1891.)*

DISSOLUTION OF CORPORATIONS—ACTIONS BY CREDITORS—RECEIVERS AS PARTIES.

After the appointment of a receiver of a corporation in proceedings for its voluntary dissolution, creditors who had attachments levied on its property before such appointment applied for a modification of the injunction against creditors so as to allow them to enter judgments and issue executions in their actions. *Held,* that this must be denied, because the receiver had not been made a party or substituted for the company in such actions; there having been no improper delay on his part.

Appeal from special term.

Petition of creditors of the Vertical Tube Boiler Company for the modification of an order of injunction against creditors made on the appointment of a receiver of the company in proceedings for its voluntary dissolution. The creditors appeal from an order denying their petition.

Argued before SEDGWICK C. J., and MCADAM, J.

*Bullard & Shannon,* for appellants.  *J. C. O'Conor, Jr.,* for respondent.

PER CURIAM. Before the appointment of the receiver the petitioning creditors had begun actions in the city court, and had obtained orders of attachment, which had been levied upon property of the corporation. After the appointment of the receiver these petitioning creditors presented their petition that the order of injunction against creditors be modified so as to allow the petitioners to enter judgment and issue executions in the actions in the city court. The motion was denied on the ground that the receiver had not been made a party defendant or substituted for the company as defendant in those actions. It clearly would not have been proper to allow the creditors to proceed *ex parte,* and without such protection to the assets as the presence of the receiver would furnish. Under all circumstances, if the attachments were valid, there was a lien upon the property levied upon, which would be preserved, and, as far as proper, satisfied in the administration of the assets. The appellants' counsel insist that at least the injunction order should have been modified so as to allow the entry of judgment and the issuing of execution, unless the receiver should within 10 days apply to be made a party defendant to the action, and such a modification was not asked of the court below. There is no reason for granting it, at least at this time. If hereafter there is any improper delay on the part of the receiver it will be in time to have due protection from the delay. Order affirmed, with $10 costs.